UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FRANK CANNON,                    :
                                 :
          Petitioner             :   No. 4:CV-10-0271
                                 :
     vs.                         :   (Petition Filed 02/5/10)
                                 :
MARY SABOL, Warden,              :   (Judge Muir)
                                 :
          Respondents            :

**MEMORANDUM AND ORDER**

February 9, 2010

**Background**

Petitioner, a detainee of the Immigration and Customs Enforcement ("ICE"), currently confined in the York County Prison, York, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Along with the petition, Cannon filed an application to proceed in forma pauperis. (Doc. 2). The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable to § 2241 cases by Rule 1 thereof. For the reasons set forth below, the petition will be dismissed summarily.

Petitioner claims that he is being held on the "County Side" of the prison where inmates are held and not on the "INS

Side" where detainees are housed. (Doc. 1, petition). As a result of being housed on the County Side, petitioner states that he is "subject to whatever punishment the county inmates are subject too." Id. Thus, petitioner files the instant action, seeking an "immediate transfer to the INS Dorms" and a permanent injunction, prohibiting the prison from housing petitioner on the County Side. Id.

**Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit,

2

or where . . . the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973). In the instant petition, Cannon is neither seeking speedier nor immediate release from custody. He is also not challenging the legality of his present incarceration. Rather, he seeks to be transferred from inmate population to the ICE detention area. He also seeks an injunction prohibiting the prison from transferring him back to the inmate housing area. Accordingly, "habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Consequently, the petition will be dismissed without prejudice to any right Cannon may have to reassert his present

3

claims in a properly filed civil rights complaint.[1] See Wool v. York County Prison, Civil No. 98-0138, slip op. at 2-3 (M.D. Pa. January 30, 1998)(McClure, J.); Hewlitt v. Holland, Civil No. 96-1075, slip op. at 9 (July 2, 1997 M.D. Pa.)(Nealon, J.)("Because the petitioner will not be allowed to elude the filing fee requirements of the PLRA, his claims will be dismissed without prejudice, as they are not habeas corpus claims, but rather claims relating to the conditions of his confinement that should more appropriately be brought under the Civil Rights Acts."). An appropriate Order accompanies this Memorandum Opinion.

／signature／
MUIR
United States District Judge

---

[1] In this regard, the Court expresses no opinion as to the merits, if any, of any civil rights claim Cannon may file based upon the facts asserted herein.

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FRANK CANNON, :
: 
       Petitioner : No. 4:CV-10-0271
:
vs. : (Petition Filed 02/5/10)
:
MARY SABOL, Warden, : (Judge Muir)
:
       Respondents :

**ORDER**

February 8 , 2010

For the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's application to proceed in forma pauperis (Doc. 2) is **GRANTED** only for the purpose of filing the petition for writ of habeas corpus.

2. The petition for writ of habeas corpus is **DISMISSED** without prejudice to any right Cannon may have to reassert his instant claim in a properly filed civil rights action.

3. The Clerk of Court shall **CLOSE** this case.

                                                      /s/ Muir
                                         MUIR
                                         United States District Judge